IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 1:22-cr-01579-MLG-1

COLE RAY SHORTY,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S SENTENCING OBJECTIONS**

Cole Ray Shorty was indicted for the murder of John Doe, contrary to 18 U.S.C. §§ 1153 and 1111. Doc. 34. Shorty subsequently pled guilty to a lesser charge of voluntary manslaughter, 18 U.S.C §1112, pursuant to a plea agreement he entered with the Government. *See* Doc. 110 at 2. The United States Probation Office issued a Presentence Report ("PSR") that calculated Shorty's total offense level to be 31 under the applicable United States Sentencing Guidelines. Doc. 129 at 10 ¶ 50. The total offense level includes a two-level upward adjustment under USSG §3B1.4[1] and another two-level upward adjustment under USSG §3B1.1(c).[2] *Id.* at 10 ¶¶ 44-45. Considering Shorty's criminal history, the recommended guideline imprisonment range is 108 to 135 months in custody, followed by a one-to-three-year term of supervised release. *Id.* at 16.

Shorty objects to the two upward enhancements. First, he argues that the PSR incorrectly states that he "organized an assault" resulting in Doe's death. Doc. 208 at 10. Second, he contends

---

[1] USSG §3B1.4 is a sentencing enhancement applicable when the defendant "used or attempted to use a person less than eighteen years of age to commit the offense" or to assist in avoiding detection of or apprehension for that offense.

[2] USSG §3B1.1(c) provides for a two-level increase when the defendant "was an organizer, leader, manager, or supervisor" in the applicable offense.

that the PSR does not provide a sufficient basis to conclude that Shorty used or attempted to use a juvenile during Doe's killing. *Id.* at 12. Finally, Shorty asserts that he is entitled to an additional one-point reduction in his total offense level under USSG §3E1.1(b) because he took full responsibility in his plea agreement and obviated any need for the Government to undertake trial preparations. *See id.* at 10-11. Having held a hearing on Shorty's objections, Doc. 214, the Court agrees with Shorty's arguments and sustains his objections.

## DISCUSSION

### I.     Role in the Offense

To apply the two-level enhancement set out in §3B1.1(c), the Court must find by a preponderance of the evidence that Shorty acted as an organizer, manager, or supervisor in Doe's killing. In making that determination, the Court considers evidence (or the lack thereof) showing a leadership role in the homicide, including "recruitment of accomplices, control over accomplices, organizing the enterprise and exercising decision-making authority." *United States v. Levine*, 983 F.2d 165, 168 (10th Cir. 1992). "[T]he nature and scope of the illegal activity" are also material. §3B1.1, comment. (n.4).

Here, the primary evidence regarding Shorty's role comes from statements made by Landon Toledo, one of the assailants who accompanied Shorty to Doe's residence. In his own plea agreement, Toledo stated that he, Shorty, and two other people intended to confront Doe without any intention to use force or violence. Plea Agreement at 4, *United States v. Toledo*, No. 1:24-cr-00134-MLG (D.N.M. Feb. 2, 2024), Doc. 51 (hereinafter "Toledo Plea Agreement"). Moreover, Toledo's admissions did not include evidence that Shorty intentionally led or organized the group in the confrontation with Doe. Toledo stated that the group merely travelled together. *Id.*

Toledo's take on the events changed when he began cooperating with the Government. He

told prosecutors that Shorty organized the assault and recruited a juvenile to do so. United States' Mot. for Downward Departure at 2-3, *United States v. Toledo*, No. 1:24-cr-00134-MLG (D.N.M. Sept. 30, 2024), Doc. 68. Further complicating matters, Toledo's testimony during the trial of Keon Apachito—Shorty's codefendant and one of the alleged assailants—was rife with inconsistencies. And he did not clarify whether Shorty organized the group with the intention of assaulting or otherwise harming the victim. *See, e.g.*, Trial Tr. Vol. 2 at 483:11-22, *United States v. Apachito*, No. 1:22-cr-01579-MLG-2 (D.N.M. June 11, 2024). Critically, it was Toledo who initiated the physical confrontation with Doe: Toledo admitted that he threw Doe to the ground and disarmed him of a baseball bat *before* Shorty joined in the assault. Toledo Plea Agreement at 4.

The admissions made in Shorty's plea agreement are similarly unilluminating. He admits to killing Doe after travelling to his home to recover a stolen backpack, Doc. 110 at 4, and he further admits that he "did not go alone." *Id.* However, Shorty did not state that he organized an assault or directed the others present to participate. So, his admissions do not provide a basis for applying the enhancement.

It is difficult to discern to what extent Shorty organized or led the group during the events culminating in Doe's death. The Court finds it undisputed that Shorty delivered the killing blow and that he was accompanied by others. *Id.* But the Court also finds, after reviewing the record presented, that the evidence does not clearly establish whether Shorty intentionally organized the group intending to harm Doe, much less kill him. *See United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996) (requiring district courts to "make specific findings of fact and advance a factual basis to support an enhancement under [USSG §3B1.1]." (text only)). Accordingly, the Court will not apply §3B1.1(c)'s two-level enhancement. Shorty's objection is sustained.

## II.        Use of a Minor

Section 3B1.4 increases a defendant's offense level by two points if he "used or attempted to use a person less than eighteen years of age to commit the offense." The term "used or attempted to use" includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." §3B1.4 comment. (n.1). Proof that the defendant and minor participant were merely "co-conspirators or confederates" is insufficient to justify the application of this enhancement. *United States v. Peña-Hermosillo*, 522 F.3d 1108, 1114 (10th Cir. 2008).

The Government has not provided evidence sufficient to apply §3B1.4 in this matter. The PSR provides that a juvenile accompanied Shorty, Toledo, and Apachito when they went to Doe's residence to confront him over the stolen bag. Doc. 129 at 7-8 ¶¶ 26-28. *See also* Fed. R. Crim. P. 32(i)(3)(A) (the Court "may accept any undisputed portion of the presentence report as a finding of fact"). However, Apachito—not Shorty—reportedly picked up the juvenile and brought him along. Doc. 129 at 8 ¶ 27. The evidentiary record is absent of facts indicating that Shorty instructed the juvenile to take part in the assault or directed, commanded, encouraged, or otherwise used the juvenile in carrying out the assault on Doe. Instead, the PSR states that the juvenile joined in the fray on his own volition after Toledo initiated the altercation. *Id.* at ¶ 28. While the PSR describes the juvenile's role in the assault—including using a golf club to strike Doe—there is nothing in the PSR establishing that Shorty encouraged or directed the juvenile's conduct. *See id.* at 7-8. And the Government provided no evidence with its Sentencing Memorandum, Doc. 209, or during the hearing on Shorty's objections establishing that he used the juvenile to carry out the assault on Doe. *See generally* Sent'g Hearing Tr. (Oct. 16, 2024).[3]

---

[3] These citations reference a "rough" version of the hearing transcript because the Court has not been provided with an official copy.

Despite the lack of factual support, the Government nevertheless asserts that Shorty "recruited a minor to participate in this violent event." Doc. 209 at 8. The record does not support the Government's position. At best, Shorty and the juvenile were confederates in an ill-thought—and ultimately tragic—attempt to reclaim Shorty's stolen bag. Apachito was the individual who picked up the juvenile, and there is nothing in the PSR or the Government's record indicating that Shorty intentionally recruited the juvenile to carry out a violent assault. A two-level enhancement under §3B1.4 is not justified here, and so the Court will not apply it. Shorty's objection on this portion of the PSR is also sustained.

### III.       Acceptance of Responsibility

The PSR provides a two-level reduction in Shorty's total offense level for acceptance of responsibility under USSG §3E1.1(a). Doc. 129 at 10 ¶ 49. However, Shorty asserts that he is entitled to an additional one-level reduction under USSG §3E1.1(b). Doc. 208 at 10-11. Under that provision, the Government may move for the additional reduction when the defendant aided in in his own prosecution by timely notifying the Government of his intent to plead guilty, "thereby permitting the government to avoid preparing for trial." §3E1.1(b). The term "preparing for trial" means substantive preparations to present the case at trial, including preparing witnesses, motions in limine, proposed voir dire questions, jury instructions, and witness and exhibit lists. *Id.*

Section 3E1.1(b) confers on the Government "power, not a duty" to file a motion for the additional one-level reduction. *United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)). However, the Government's discretion to file the motion, while broad, is not unfettered. *United States v. Evans*, 744 F.3d 1192, 1199 (10th Cir. 2014). District courts may reject the Government's refusal to file a §3E1.1(b) motion if it is "(1) animated by an unconstitutional motive, or (2) not rationally related to a

legitimate government end." *Id.* (quoting *Moreno-Trevino*, 432 F.3d at 1186).

In this case, Shorty entered his plea agreement on January 19, 2024, Doc. 110, well in advance of the scheduled June 10, 2024, trial date. Doc. 105. At that time, the Government had filed two motions in limine, neither of which required extensive litigation against Shorty due to his timely guilty plea. *See* Doc. 90; Doc. 102. The Government had not filed proposed voir dire questions, jury instructions, or witness or exhibit lists at that time, and there is no evidence it had begun to prepare witnesses for trial. While the Government did undertake significant efforts to bring Shorty's codefendant to trial, most of the substantive trial preparation occurred after Shorty pleaded guilty.

Notably, when the Court raised the §3E1.1(b) issue during Shorty's sentencing hearing, the Government stated that it did not offer the one-point reduction because Shorty evaded law enforcement after he became a suspect in Doe's murder. Sent'g Hearing Tr. at 62:2-11. That rationale, however, is not contemplated by §3E1.1(b), which focuses entirely on trial preparation and the preservation of government resources. The Government's refusal to file a §3E1.1(b) motion for reasons not based on preservation of resources in advance of trial is not rationally related to a legitimate government end. *See Evans*, 744 F.3d at 1199 (remanding for resentencing where the Government's refusal "was not rationally related to resource allocation"). Accordingly, the Government wrongfully withheld a §3E1.1(b) motion in this case.

The Tenth Circuit has not articulated the means or process for remedying the Government's refusal to file a §3E1.1(b) motion. In *Evans*, for instance, the court found that §3E1.1(b)'s adjustment was wrongfully withheld and remanded the case for resentencing without further instructions. *Id.* at 1199. Other Circuit Courts, however, have indicated that district courts may order the Government to file wrongfully withheld §3E1.1(b) motions. *See, e.g.*, *United States v.*

*Divens*, 650 F.3d 343, 350 (4th Cir. 2011) ("If the Government . . . continues to refuse to move for [a §3E1.1(b) reduction], the district court should order the Government to file the motion."); *United States v. Lee*, 653 F.3d 170, 175 (2d Cir. 2011) (noting that the observations in *Divens* "apply with equal force here"). Further, a court in this District articulated a compelling argument that the proper remedy for the Government's refusal to file a §3E1.1(b) motion is to order the Government to file the motion, rather than for the district court to apply the one-level reduction sua sponte or to vary from the recommended guidelines range. *See United States v. Villaba*, 86 F. Supp. 3d 1252, 1279-80 (D.N.M. 2015). The district court specifically noted that the United States Sentencing Commission amended §3E1.1(b) after the Fourth Circuit's decision in *Divens*, indicating that the Commission "at the very least . . . has no qualms about such an approach." *Id.* at 1279.

      The Court finds the reasoning in *Divens*, *Lee*, and *Villaba* persuasive. Section 3E1.1(b) makes clear that the onus is on the Government to move for the one-level reduction. *See* §3E1.1(b) comment. (n.6). But the Court's role in sentencing is to ensure that the Sentencing Guidelines have been properly applied in the first instance. *See Gall v. United States*, 552 U.S. 38, 49 (2007). Because §3E1.1(b) and its Application Notes do not contemplate a sua sponte reduction or variance, the Court's ambit is to ensure that the Government's reasons for withholding the relevant motion do not exceed constitutional and pragmatic boundaries. *See Moreno-Trevino*, 432 F.3d at 1186. Here, the Government admits that it refused to file a §3E1.1(b) motion because Shorty evaded the police before he was indicted. Sent'g Hearing Tr. at 62:2-11. This is not a permissible reason for doing so. Therefore, the Court will order the Government to move for a one-level reduction under §3E1.1(b).

7

## CONCLUSION

For the reasons stated above, the Court sustains Shorty's objections to the PSR's application of sentencing enhancements under §3B1.1(c) and §3B1.4. The two-level enhancements applied to his total offense level under those provision are therefore struck from the PSR. Additionally, the Government's reasons for withholding a motion for a one-level reduction under §3E1.1(b) are invalid under pertinent decisional authority. The Government is directed to file a motion or otherwise indicate to the United States Probation Office that Shorty is entitled to the §3E1.1(b) reduction. Shorty's total offense level shall be recalculated in accordance with this order prior to final sentencing.

It is so ordered.

_____
MATTHEW L. GARCIA
UNITED STATES. DISTRICT JUDGE